56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yonah Ben Yoceph MILLER, Plaintiff-Appellant,
v.
Larry A. FIELDS; Gary Parsons, Stephen W. Kaiser; Edward
L. Evans; Henry Hutcherson; Ralph Severson;
Beth Barefoot; Charles Mirelez,
Defendants-Appellees.
 No. 94-6457.
 United States Court of Appeals, Tenth Circuit.
 May 23, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Yonah Ben Yoceph Miller (Miller), an inmate of the State of Oklahoma, appearing pro se, appeals from the district court's order adopting the Report and Recommendation of the magistrate judge in granting Summary Judgment in favor of the defendants in his 28 U.S.C.1983 civil rights complaint. Miller contends that his First, Sixth, Eighth and Fourteenth Amendment rights are being violated by defendants' refusal to provide him with a Kosher diet while in prison. Miller sought monetary damages and injunctive relief.
 
 
 3
 In his detailed, rambling "Response and Objection" to the magistrate judge's Report and Recommendation, Miller contended that the magistrate judge relied on outright lies contained in defendants' affidavits and ignored controlling law, citing to Kahane v. Carlson, 527 F.2d 492, 495 (2nd Cir.1975) and Ross v. Coughlin, 669 F.Supp. 1235 (S.D. N.Y.1987).
 
 
 4
 On appeal, Miller argues that (1) the district court erred in granting Summary Judgment for the defendants as a matter of law, relying on Battle v. Anderson, 376 F.Supp. 402 (1974) (for the proposition that prison officials must provide religious diets) and the Religious Freedom Restoration Act of 1993, and (2) the district court erred in failing to address several other issues raised by plaintiff including an allegation that his personal property was confiscated, stolen, destroyed or missing, the defendants committed intentional perjury through affidavits, the plaintiff is entitled to an evidentiary hearing under Federal Rule 56(e), the defendants intentionally withheld pertinent information relevant to the action, and the defendants committed acts of retaliation and harassment against him for bringing this action.
 
 
 5
 We AFFIRM substantially for the reasons set forth in the Report and Recommendation of United States Magistrate Judge Doyle W. Argo dated October 13, 1994, and the Order of the district court dated December 5, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470